IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARRYL WALKER                                                                      PETITIONER

VS.                                          CIVIL ACTION NO. 3:22-cv-575-DPJ-FKB

WARDEN P. BOULET                                              RESPONDENT

## REPORT AND RECOMMENDATION

Darryl Walker is a federal inmate serving a 60-month sentence imposed by the United States District Court for the Western District of Missouri. He is incarcerated at the Federal Correctional Institution in Memphis, Tennessee, and his projected release date via good conduct time is April 10, 2025. He brings this petition pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence by the Bureau of Prisons (BOP).

In 2017, Walker was sentenced on state charges in Missouri. [16-1] at 9-10. On November 16, 2019, while on parole, he was found with a firearm and arrested by Missouri state authorities, and his parole was subsequently revoked. *Id.* at 2. As a result of the state arrest, Walker was prosecuted in the United States District Court for the Western District of Missouri for being a felon in possession of a firearm. *Id.* On June 26, 2020, he was taken into temporary federal custody on a writ of habeas corpus *ad prosequendum* in connection with this charge. *Id.* He was sentenced on the federal charge on January 6, 2021, to a term of 60 months, the sentence to run concurrently with his state revocation sentences. *Id.* at 3. He remained in temporary federal custody until January 8, 2021, when he was returned to exclusive state custody. *Id.* On

February 5, 2021, Walker completed his state sentence and was released to exclusive federal custody. *Id.*

In his petition, Walker contends that the BOP has wrongfully calculated his federal sentence by failing to give him credit for the time spent in pre-sentence federal custody. He also contends that he is entitled to *Willis* credit.

The issues of when a federal sentence begins, and whether credit is to be given for prior custody, are governed by 18 U.S.C. § 3585:

> (a)  Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)  Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1)  as a result of the offense for which the sentence was imposed; or
>>
>> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  In response to the Petition, Respondent has submitted the declaration of Heather Gandy, a management analyst at the Designation and Sentence Computation Center, along with relevant documents.  [16-1].  In her declaration, Gandy explains how the BOP has calculated Walker's sentence in accordance with § 3585.

2

The BOP determined that Walker's federal sentence commenced on January 6, 2021, the date it was imposed. *Id.* at 3. However, at the time of his sentencing, Walker was in the primary custody of the state, as he had been since the date of his arrest on November 16, 2019, and he remained there until he completed his state sentence on February 5, 2021 and was transferred to exclusive federal custody.[1] *Id.* at 4. The state credited to Walker's state sentences all of his time spent in custody prior to his federal sentencing, including the time spent in temporary federal custody. *Id.* For this reason, the BOP determined that, under § 3585(b), he was not entitled to any prior custody credit, as all of his time prior to his federal sentencing had been credited to another sentence. *Id.* at 3.-4 Gandy also explains in her declaration that the time Walker spent in temporary federal custody for appearances in federal court was not federal custody in connection with his federal offense. *Id.* at 4. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (temporary transfer of physical custody on a writ of habeas corpus *ad prosequendum* does not alter the state's primary custody).

---

[1] Under the "primary custody" doctrine, primary custody is acquired by the first sovereign that arrests an individual. That sovereign is entitled to have the individual serve any sentence it imposes before he serves a sentence imposed by another jurisdiction, regardless of the chronological order of sentencing. *See Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). Where, as here, an inmate is in the primary custody of the state at the time of federal sentencing, and where the federal court orders that the inmate's federal sentence be served concurrently with any state sentence, the inmate remains in the primary custody of the state, and the BOP gives effect to the sentencing court's order by designating the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b). *See* BOP Program Statement 5160.06, pp. 2-12. Thus, the defendant is "received in custody" within the meaning of § 3585(a) on the date of federal sentencing, and the BOP calculates his federal sentence as having commenced on that date, even though he remains in the primary custody of the state.

3

Walker also argues that he is entitled to *Willis* credit. In *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the Fifth Circuit recognized an exception to § 3585(b)'s prohibition on double-counting pre-sentence credit. It applies when an inmate is serving concurrent federal and state terms and the state full-term date is equal to or less than the federal full-term date. It allows additional pre-sentence credit for "non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009). The purpose of the exception is to allow pre-sentence custody that was credited against the state sentence to also be credited against the federal sentence where the credit on the state sentence is of no benefit to the inmate. *See Willis*, 338 F.2d at 925. In this case, Walker was determined to have begun serving his state revocation sentences on November 16, 2019, the same date as his federal offense. [16-1] at 3. Thus, because Walker had no pre-sentence state custody after his federal offense, the BOP concluded that no *Willis* credit was available. *Id.* at 4.

The BOP's calculations are entirely consistent with the governing statutes. Accordingly, there is no basis for habeas relief.

A federal court may grant relief to a federal prisoner under § 2241 only if the petition demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Brown v. Lundgren*, 528 F.2d 1050, 1052 (5th Cir. 1976). Walker has not shown that his custody violates the

4

Constitution or any law. For this reason, the undersigned recommends that relief be denied and that Walker's § 2241 petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 28th day of February, 2024.

/s/ F. Keith Ball
United States Magistrate Judge

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).