UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARRYL WALKER                                                                                          PETITIONER

V.                                                            CIVIL ACTION NO. 3:22-CV-575-DPJ-ASH

WARDEN P. BOULET                                                                                  RESPONDENT

ORDER

Darryl Walker filed a petition [1] under 22 U.S.C. § 2241 in September 2022, alleging that the Bureau of Prisons was incorrectly calculating his remaining time to serve for unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). *See* Resp. Ex. [16-1] at 27 (W.D. Mo. judgment). The warden holding him responded in opposition [10], and the United States Magistrate Judge recommended dismissing the petition with prejudice. R&R [21] at 1. The Report and Recommendation issued on February 28, from which Walker had fourteen days to object. Fed. R. Civ. P. 72(b)(2); *see* R&R [21] at 5 (advising Walker of deadline). Walker did not object within that period, nor later.

"Jurisdiction comes first." *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022). Although Walker is a federal prisoner, he does not dispute the imposition of his federal sentence under 28 U.S.C. § 2255 but rather challenges "the manner in which a sentence is executed (e.g., . . . attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody)." *Lang v. Smith*, No. 4:23-CV-252, 2024 WL 815518, at *1 (N.D. Tex. Feb. 27, 2024) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Walker thus has correctly filed under § 2241, and this Court has subject-matter jurisdiction under 28 U.S.C. § 2241(a), (c). *See Rasul v. Bush*, 542 U.S. 466, 473 (2004).

As for personal jurisdiction: although Walker is now confined in Memphis, Tennessee, he was in the federal prison in Yazoo City, Mississippi, when he filed his petition. *See* Pet. Ex. [1-3] (return address on envelope); Pet. Ex. [1-1] at 6 (BOP correspondence dated Oct. 28, 2021, in Yazoo City facility). "Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citing cases). The Court is thus satisfied that it has jurisdiction over Walker's petition.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). The Court finds no error in the report's explanation of how Walker misapprehends the duration of his sentence. Having reviewed the record and found no clear error, the Court accepts the well-reasoned recommendation of the United States Magistrate Judge.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of the United States Magistrate [21] is adopted as the finding and holding of this Court. Walker's petition is denied and dismissed with prejudice. A separate judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 2nd day of April, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE